**Affirmed and Memorandum Opinion filed August 23, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00571-CV

---

## ELIJAH NELSON AND CAROL NELSON, Appellants

## V.

## GO GREEN, LLC, Appellee

---

**On Appeal from the 419th District Court
Travis County, Texas
Trial Court Cause No. D-1-GN-15-005387**

---

## M E M O R A N D U M   O P I N I O N

In this action to quiet title, appellants Elijah and Carol Nelson challenge the no-evidence summary-judgment rendered against them on their defense of limitations under the ten-year adverse-possession statute. They additionally argue that the trial court excluded critical evidence; that they were denied discovery or that the opposing party or their own counsel spoliated evidence; and that they were given

inadequate notice of the summary-judgment hearing. Because the record does not support these arguments, we affirm.

## I. BACKGROUND

Go Green, LLC purchased a tract of land at 6200 Hudson Street in Austin, Texas from the owner of record. After Go Green recorded its general warranty deed, Carol Nelson and her son Elijah Nelson recorded an "affidavit of adverse possession" claiming ownership of the same property. Go Green then filed suit against the Nelsons to quiet title.

Elijah, acting pro se, answered the suit and alleged that the ten-year limitations period barred the suit. A retained attorney then entered an appearance on behalf of both Elijah and Carol before withdrawing from the case. Elijah filed an amended answer, purportedly on behalf of his mother as well as himself, but the amended answer is signed only by Elijah. He alleged that he and his mother had held the land in adverse possession since 1995 and again asserted the ten-year statute of limitations.

Go Green filed a no-evidence motion for partial summary judgment on the Nelsons' limitations defense. Only Elijah responded.[1] After the trial court granted the motion, Elijah moved for reconsideration, asserting that he did not receive the motion in a timely manner and that his former attorney, who had withdrawn more than six months earlier, had refused either to return or to file evidence in his possession. The trial court denied the motion.

---

[1] Elijah's response to Go Green's no-evidence motion for partial summary judgment is titled, "Defendants' Response to Plaintiffs' No Evidence Motion for Summary Judgment and Cross-Motion for Summary Judgment," but the record does not show that the cross-motion was ever set for hearing or ruled upon.

Having prevailed on its challenge to the Nelsons' adverse-possession defense, Go Green moved for traditional summary judgment on the ground that it has title to the property and that its title is affected by the affidavit of adverse possession that the Nelsons had filed in the property records. Again, only Elijah responded.

The trial court granted the motion and decreed that the Nelsons' claim to the property is void.

## II. ISSUES PRESENTED

In four issues, the Nelsons argue that (1) the trial court erroneously excluded critical evidence; (2) the trial court erred in granting Go Green's no-evidence motion for partial summary judgment, (3) the trial court erred "in excluding objections for time for additional discovery held by Appellee[s'] Attorney"; and (4) Go Green failed to give proper notice of the summary-judgment hearing.

## III. ALLEGED EXCLUSION OF EVIDENCE

In the Nelsons' first issue, they contend that the trial court did not consider a text message[2] and an affidavit, both of which were part of Elijah's response to Go Green's traditional motion for final summary judgment on their suit to quiet title. The record contains no objection to this evidence, no motion to strike it, and no ruling excluding it.

---

[2] The only text message in the record is a print-out of an image of a text message that reads in its entirety, "Hi Ms Nelson, thank you for speaking to me Saturday about the Hudson property. I hope your family is doing better after the hospital visit. When it's convenient for you I'd be interested in continuing our conversation. Best, Dan Loe." The print-out also contains an excerpt from an unidentified source identifying Daniel Loe as one of Go Green's two principals.

The Nelsons additionally refer on appeal to their own answers to interrogatories, answers to requests for admission, and responses to requests for production. None of this material was offered as summary-judgment evidence.[3]

Because the record fails to show that any evidence was excluded, the Nelsons' first issue presents nothing for our review. We overrule the first issue.

## IV. THE PARTIAL SUMMARY JUDGMENT ON LIMITATIONS

In the Nelsons' second issue, they argue that the trial court erred in granting Go Green's no-evidence motion for partial summary judgment on the question of whether the action to quiet title is time-barred.

A movant for no-evidence summary judgment must identify each essential element of the claim or defense for which the movant contends there is no evidence. TEX. R. CIV. P. 166a(i). To defeat a no-evidence motion for summary judgment, the respondent must present evidence raising a genuine issue of material fact as to each element contested in the motion. *Timpte Ind., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). We review the summary-judgment evidence in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

As their defense to Go Green's action to quiet title, the Nelsons relied on the ten-year statute of limitations, which provides that "[a] person must bring suit not later than 10 years after the day the cause of action accrues to recover real property

---

[3] Moreover, a party generally cannot rely on its own answers to interrogatories or its responses to requests for admission. *See Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex. 2000) (per curiam) (answers to interrogatories); *Ramirez v. Coca-Cola Refreshments USA, Inc.*, 2013 WL 5761315, at *3 (Tex. App.—Houston [1st Dist.] Oct. 22, 2013, no pet.) (mem. op.) (denials of requested admissions).

4

held in peaceable and adverse possession by another who cultivates, uses, or enjoys the property." TEX. CIV. PRAC. & REM. CODE ANN. § 16.026(a) (West 2002). "Adverse possession" means "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." *Id.* § 16.021(1). "Peaceable possession" means "possession of real property that is continuous and is not interrupted by an adverse suit to recover the property." *Id.* § 16.021(3). To prevail on this defense, a person claiming to adversely possess property must prove that the person actually and visibly possessed the property, and the possession (a) was adverse and hostile to the claim of the owner of record title; (b) was open and notorious; (c) was peaceable; (d) was exclusive; and (e) involved continuous cultivation, use, or enjoyment for over ten years. *Kazmir v. Benavides*, 288 S.W.3d 557, 561 (Tex. App.—Houston [14th Dist.] 2009, no pet.). In Go Green's motion for partial summary judgment, it challenged the existence of evidence to support each of these elements.

Carol did not respond to the motion. Elijah responded, but his evidence consisted solely of three printouts purporting to be images of Hudson Street as captured by "Google Maps." The first print-out identifies the image's copyright date as 2016 and appears to be an aerial view of Hudson Street, and in particular, 6402 Hudson Street. Handwritten annotations point to "Stables & Barns" and "Driveway." The second print-out identifies April 2015 as the date on which the image was captured. Handwritten annotations identify it as "6402 Street View" and state that "[a]ll fences & structures created by Defendants Nelsons." The third image also identifies the "image capture" date as April 2015. It has been hand-labeled "6404 Street View" with an arrow pointing to "6402."

At best, the images show a fence and structures on the property three months before Go Green purchased it. The images do not raise a genuine issue of material

fact about whether the Nelsons peaceably possessed the property, or consistently and continuously cultivated, used, or enjoyed the property for ten years, or that the Nelsons' alleged use of the property was adverse and hostile to the claim of the owner of record title; or that the Nelsons' alleged use of the property was exclusive throughout that time.

Because neither Carol nor Elijah produced evidence sufficient to raise a genuine issue of material fact as to each challenged element of their limitations defense, the trial court did not err in granting partial summary judgment against them on this issue. *See* TEX. R. CIV. P. 166a(i). We overrule the second issue.

## V. DISCOVERY AND ALLEGED SPOLIATION OF EVIDENCE

The Nelsons phrase their third issue, "Did the trial court err in excluding objections for time for additional discovery held by Appellee[s'] Attorney?" The Nelsons' intended meaning is not clear from the statement of the issue or from the arguments that follow it.

If the Nelsons mean that they were entitled to a continuance of the summary-judgment hearing so that they could conduct additional discovery, then this argument is not supported by the record. A respondent to a no-evidence motion for summary judgment who has not had an adequate opportunity for discovery must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *Muller v. Stewart Title Guar. Co.*, 525 S.W.3d 859, 866 (Tex. App.—Houston [14th Dist.] 2017, no pet.). There is no such material in the record.

The Nelsons also represent that their attorney withdrew without entering their discovery responses into the record, but responses to discovery requests need not be filed. *See* TEX. R. CIV. P. 191.4. They additionally state that their former attorney "did not return the information given to him as evidence." They devote much of this

section of their appellate brief to case law concerning spoliation, and state that Go Green "negligently or intentionally spoliated evidence; filing a motion for no evidence [summary judgment] as if [it] never had any knowledge of the deed, photos of the property or other evidence." Spoliation does not appear to have been mentioned in any document filed in the trial court.

As best we can glean from the Nelsons' briefing, the Nelsons' appellate argument is that (1) they gave original documents and photographs to their own attorney to use in responding to Go Green's discovery requests; (2) their attorney served Go Green with the discovery responses but withdrew from the case without returning the original material or copies of it to the Nelsons; (3) because Go Green filed a motion for no-evidence summary judgment after allegedly receiving the Nelsons' discovery responses, the Nelsons conclude that Go Green destroyed the Nelsons' discovery responses or somehow withheld them from the Nelsons; and (4) the Nelsons were entitled to discover their own discovery responses from Go Green's counsel.

These arguments appear to be rooted in a dispute between the Nelsons and their former counsel. The record shows that their attorney moved to withdraw in September 2016, and that Go Green did not file its no-evidence motion for summary judgment until nearly six months later. The Nelsons did not move to compel discovery responses from Go Green, and the record contains no evidence or allegations of spoliation. Moreover, the rule governing no-evidence motions for summary judgment provides that the movant has no burden to produce evidence; that burden is borne by the respondents. *See* TEX. R. CIV. P. 166a(i). Because the Nelsons failed to meet that burden, we overrule this issue.

7

## VI. NOTICE OF THE HEARING

In their final issue, Carol and Elijah contend that Go Green failed to give proper notice of the hearing on the no-evidence motion for partial summary judgment on limitations. They contend that they "received notice only several days before" the hearing.

A party who receives late notice of a hearing must preserve the complaint in the trial court by bringing the inadequate notice to the trial court's attention by objecting to the hearing going forward or by moving for a continuance. *See Low v. Henry*, 221 S.W.3d 609, 618 (Tex. 2007). Elijah asserts on appeal that he "objected in open court" that he had not had adequate time to gather information, but we have no reporter's record of the summary-judgment hearing, and the clerk's record does not show that the Nelsons objected to the hearing or sought a continuance.

We overrule the Nelsons' fourth issue.

## VII. CONCLUSION

Having overruled the issues presented, we affirm the trial court's judgment.

/s/    Tracy Christopher
Justice

Panel consists of Chief Justice Frost and Justices Christopher and Jamison.